IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSE CRUZ MEDINA

    *Petitioner,*

v.

KRISTI NOEM, *et al.*,

    *Respondents*

Case No. 25-cv-1768-ABA

**MEMORANDUM OPINION AND ORDER**

On October 7, 2025, this Court ordered that, because Petitioner José Cruz Medina has asserted that he fears persecution or torture if he is removed to Mexico, due process prohibits his removal to Mexico until and unless an immigration judge ("IJ") reviews and denies that claim. ECF No. 45 (memorandum opinion); ECF No. 46 (preliminary injunction); *Cruz Medina v. Noem*, --- F. Supp. 3d ----, ----, Case No. 25-cv-1768-ABA, 2025 WL 2841488, at *1–2 (D. Md. Oct. 7, 2025) (hereinafter, "*Cruz Medina II*"). (The asylum officer here denied Petitioner's fear-based claim; there is no dispute that if an immigration judge were to grant that claim, either on withholding or Convention Against Torture grounds, then Petitioner could not be removed to Mexico.) This Court granted Respondents an opportunity to effectuate such IJ review, and although Petitioner is detained, and has been since June 3, 2025, the Court also has further deferred a final adjudication of Petitioner's petition for a writ of habeas corpus to allow for such review.

Notwithstanding this Court's preliminary injunction, the government has refused to forward the asylum officer's negative reasonable fear determination to an immigration judge for review, taking the position that "there is no appropriate legal

1

mechanism which would govern limited review of a negative fear finding to a third country." ECF No. 49 at 11. Although the preliminary injunction did not expressly order IJ review, it prohibited removal pending such review. ECF No. 46 ¶ 2; *Cruz Medina II*, 2025 WL 2841488, at *10. Because due process prohibits indefinite detention, *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *see also Cruz Medina v. Noem*, --- F. Supp. 3d ----, ----, Case No. 25-cv-1768-ABA, 2025 WL 2306274, at *2–3 (D. Md. Aug. 11, 2025) (hereinafter, "*Cruz Medina I*") (elaborating on the *Zadvydas* legal framework), Respondents' refusal to effectuate immigration judge review has the result of depriving Petitioner of due process: a lack of IJ review of the asylum officer's negative reasonable fear determination deprives Petitioner of due process for the reasons this Court explained in *Cruz Medina II*, and continued detention without a significant likelihood of removal in the foreseeable future would deprive Petitioner of due process for the reasons this Court explained in *Cruz Medina I*.

Respondents assert various arguments for why they have refused to forward Petitioner's file for IJ review. They principally argue that this Court lacks jurisdiction to order IJ review of Petitioner's negative fear determination and that IJ review is not required as a matter of due process. ECF No. 49 at 8–10. This Court already rejected those arguments and has explained why. *Cruz Medina II*, 2025 WL 2841488, at *2–10. After all, there is no dispute that this Court has jurisdiction over Petitioner's claim that he should be released from detention under *Zadvydas*. *See* ECF No. 9 at 19 (disputing jurisdiction only as to Petitioner's request for an "order staying ICE's effectuation of Petitioner's removal order"). At this point, part of what is prolonging Mr. Cruz Medina's detention is the government's refusal to comply with due process and provide for immigration judge review of the asylum officer's negative reasonable fear

determination, as this Court explained in *Cruz Medina II*. If Mr. Cruz Medina had not been detained, then a question may have arisen whether a source of jurisdiction independent of habeas would be required to adjudicate whether he is entitled to an order precluding removal without an immigration judge reviewing the asylum officer's negative reasonable fear determination. But here Mr. Cruz is detained, and accordingly this Court is satisfied that its jurisdiction arising from Petitioner's habeas petition encompasses this Court's preliminary injunction and this present Order.

Respondents do assert two new arguments. Assuming without deciding that Respondents did not forfeit those arguments by not making them earlier, the arguments also fail on the merits.

First, Respondents point to a difference in the standard the government applies in third-country screenings ("more likely than not") and reasonable or credible fear interviews ("significant" and "reasonable possibility"). ECF No. 49 at 9–10.[1] It argues that "[b]ecause the standards are different," the regulations that apply to reasonable fear interviews "cannot be applied during these third-country removal scenarios." *Id*. at 10. But the basis for this Court's preliminary injunction was due process, and in any event, Respondents offer no reason a difference in substantive standards means the same *procedure* (IJ review) cannot be applied.

---

[1] Respondents cite ECF No. 25-2, Third Country Screening Notice (the asylum officer's notice that he did not find that Petitioner had "established that it is more likely than not that [he] will be persecuted or tortured in Mexico"); 8 C.F.R. § 208.30(e) (establishing the "significant possibility" standard for credible fear screenings); 8 C.F.R. § 208.31(c) (establishing the "reasonable possibility" standard for reasonable fear screenings); and *Tomas-Ramos v. Garland*, 24 F.4th 973, 978 n.2 (4th Cir. 2022) (finding that the "reasonable possibility" standard is a lower threshold than the "clear probability" standard required for withholding of removal but is higher than the "significant possibility" standard).

3

Second, Respondents argue that immigration judge review is infeasible or unavailable without "filing a motion to reopen the original underlying immigration proceeding or initiat[ing] some sort of new charging document or proceeding to remove the individual to a third country." ECF No. 49 at 10–11. The Court is not persuaded. Immigration judges review denied fear determinations under reasonable fear regulations, 8 C.F.R § 1208.31(g) ("The asylum officer's negative decision regarding reasonable fear shall be subject to de novo review by an immigration judge upon the alien's request"), and credible fear regulations, 8 C.F.R § 1208.30(g) ("The asylum officer's negative decision regarding credible fear shall be subject to review by an immigration judge upon the applicant's request"). None of these regulations requiring IJ review of a negative fear determination require the reopening of the underlying immigration proceeding or a new charging document. *See also Tomas-Ramos*, 24 F.4th at 977 (explaining that although regulations "do not describe *how* IJs shall conduct these review proceedings [of negative reasonable fear determinations] . . . they provide simply that the asylum officer's record of determination will be forwarded to the IJ and that the IJ will conduct a review, barring exceptional circumstances, within ten days of referral," procedures that are laid out in "[a]gency manuals . . . regarding the reasonable fear determination process"). After all, "withholding of removal is country-specific"; "if a noncitizen who has been granted withholding as to one country faces removal to an alternative country, then she must be given notice and an opportunity to request withholding of removal to *that* particular country." *Guzman Chavez v. Hott*, 940 F.3d 867, 879 (4th Cir. 2019), *rev'd on other grounds*, 594 U.S. 523 (2021) (citing *Kossov v. I.N.S.*, 132 F.3d 405, 409 (7th Cir. 1998)) (emphasis in original).

For these reasons and those stated in *Cruz Medina I* and *Cruz Medina II*, the Court hereby ORDERS that:

1. Petitioner's Motion for Specific Performance (ECF No. 47) is GRANTED;

2. By 5:00 p.m. ET on November 17, 2025, Respondents shall either (a) REFER the negative fear determination to an immigration judge for *de novo* review or (b) RELEASE Petitioner from ICE custody;

3. If Respondents refer to an immigration judge, and if such review is not complete by 5:00pm ET on December 1, 2025, Respondents SHALL RELEASE Petitioner from ICE custody no later than that time and date;

4. Any release of Petitioner from detention shall be under the same conditions governing his previous release; and

5. The Court shall retain jurisdiction of this matter to enforce compliance with this Order and the Preliminary Injunction.

Date: November 12, 2025                               /s/
                                                                    Adam B. Abelson
                                                                    United States District Judge